Evabts, J.
delivered the opinion of the Court.
This case presents the question whether an action will lie against the securities to a prison bounds bond before the plaintiff has established, by the judgment of a Court, his debt or damages against the principal in the bond. By the Act of 1788, 5 Stat. (for the purpose, as recited in the preamble, of rendering imprisonment less rigorous,) it is enacted that “ all prisoners on mesne process in any civil action” who are in the custody of the Sheriff, shall be entitled to be and remain unmolested in any part of the rules, limits and bounds of the jail, upon his giving to the Sheriff satisfactory security not to go or be -without the limits. The same Act provides, in the 11th sec. that in cases of escape beyond the bounds, the plaintiff may proceed to retake the prisoner, or against his security, or in case the security should prove deficient, against the Sheriff, who shall ultimately be answerable in damages for such escape. I suppose there can be no doubt that when Law, the principal in this bond, went beyond the prison rules, the bond was forfeited, and that the security became liable for the debt or damages of Tobin & Allen. But it does not follow necessarily from this, that the Sheriff, for the benefit of Tobin & Allen, can immediately commence an action against the security, without the suit against the original defendant being prosecuted to judgment. If this is allowable, then the question involved in the action against the principal is to be tried in the action against the security. On this question we have no decided case, nor any bearing much analogy to it. All the arguments of convenience are against what is contended for by the plaintiff, and the analogies, so far as they go, are to the contrary. An administrator’s bond is forfeited when the administrator wastes the estate or fails to .render his accounts; and yet by our practice, no recovery can be had on the bond against the security, until there has been an adjustment of the accounts in the Court of Ordinary or in the Court of Equity. In the case of a bail bond the plaintiff is required, by the Act of 1785, to prosecute his suit to judgment before he can proceed against the bail. A prison bounds bond is, in many particulars, unlike a bail bond; yet in the question involved in this case they are the same, and I do not see any reason why, in relation to one, we shall not adopt the wise and convenient practice which has been prescribed by law in the other. Before the Act of. 1785, (P. L. 369,) it seems the practice contended for by the plaintiff did prevail. But it seems, from the recital in the Act, that it was attended by many inconveniences, and therefore the Legislature thought proper to alter the law on that *170 subject. Three years after this, the prison bounds Act was passed, and it hardly can be supposed that by it, it was intended to subject those who might become liable', under its operation, to all those evils from which bail had been so recently relieved. I have before said that many inconveniences would result from the practice for which the plaintiff contends. Arguments ab inconvenienti are not proper to be addressed to a Court, where the law is plain. But where the law is silent, and for the first time we are to prescribe a rule of practice, they are entitled to great weight. An action, I suppose, would lie on the bond, at any time within 20 years. It appears from the pleadings that 8 years have elapsed since there was a breach of the condition of the bond in this case. In the mean time the original defendants may have died or removed to some remote State. How can these defendants now contest Tobin & Allen’s demand against their principal 1 There may have been a discount, which would have defeated the action, but. of which they may be entirely ignorant, or unable now to prove it. The action may as well have been slander or trespass, or other tort, of the circumstances attending which, the securities know nothing, and can make no available defence; when, perhaps, if the plaintiffs had gone on with their action, the defendant might have made a successful defence. The question whether any debt is due or any damages have been sustained, should properly be litigated between the original paities. He who has become collaterally liable, should be held answerable for the debt or damages when ascertained, by a decision in favor of the plaintiff; but not until then. I think, therefore, the demurrer was properly overruled, and the motion is dismissed.
Richardson, J. O’Neall, J. Wardlaw, J. Frost, J. and Withers, J. concurred.

Motion refused.